# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE WILLIE BUFORD,**

    **Petitioner,**

v.                                                   **Civil Action No. 5:13cv36**
                                                         **(Judge Stamp)**

**TERRY O'BRIEN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On March 12, 2013, the *pro se* petitioner filed this case as an Action to Compel An Officer of the United State to Perform His Duty. It was opened as petition for Writ of Mandamus, and a Notice of Deficient pleading was sent to the petitioner. On April 1, 2013, the petitioner filed his petition on the form sent to him. On April 30, 2013, the petitioner was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee. On that same date, the undersigned conducted a preliminary review of the file and determined that the petition should not be summarily dismissed at that time. Therefore, the respondent was directed to file an answer.

On July 1, 2013, the respondent filed a Motion to Dismiss or for Summary Judgment. After the issuance of a Roseboro Notice, the petitioner filed his reply on July 9, 2013. Also pending is the petitioner's Motion for Order of Default which was filed on December 11, 2013.

### I. The Petition

In the petition, the petitioner asserts that his ability to exhaust available administrative remedies is being intentionally hampered by the respondent's refusal to turn over documents necessary to appeal his decision to the Region. Specifically, the petitioner alleges that when the respondent replied to his BP-9, the continuation page was missing as was the entire BP-8 and its

response. The petitioner maintains that without these documents, he cannot appeal the respondent's decision to the Mid-Atlantic Region which, in turn, prevents him from appealing to the Central Office. The petitioner contends that without evidence that he has exhausted his administrative remedies, he cannot bring suit for what he alleges is deliberate indifference to his serious medical needs. In summary, the petitioner contends that the administrative remedy process is being made unavailable by the deliberate actions of the respondent and the unwillingness of the Regional authorities to force the respondent to perform his duties in accordance with the Constitution and Laws of the United States. Accordingly, the petitioner requests that the Court issue an order compelling the respondent to cease and desist withholding the documents necessary for him to exhaust his administrative remedies in compliance with the Prisoner Litigation Reform Act ("PLRA").

## II. **Respondent's Motion**

In response to the petition, the respondent has filed a Motion to Dismiss or for Summary Judgment. As grounds for his motion, the respondent argues that the petitioner has failed to exhaust his administrative remedies with respect to his "complaint" that he is being thwarted in his attempts to exhaust his administrative grievance regarding his medical treatment. In addition, the respondent argues that the petitioner is not entitled to mandamus relief because he cannot satisfy any of the requirements for obtaining a writ of mandamus.

## III. **Petitioner's Reply**

In his reply, the petitioner reiterates his claim that the respondent returned the BP-9 minus the informal resolution documents and the continuation page of the BP-9. The petitioner then notes it is "legally unreasonable to believe that a defendant should profit for the iniquity of his own hand.

2

O'Brien should not, purely as a matter of law, be able to use the badge of his authority as Warden to interfere with exhaustion of administrative remedy and then tell the Court that an Action should be dismissed for failure to exhaust." (Doc. 29, p. 4).

### IV. **Standard of Review**

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). More specifically, the party seeking mandamus relief must demonstrate the following five requirements:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 522 (4th Cir. 1999).

### V. **Analysis**

To begin, it is clear that the petitioner's ultimate goal is to file a civil rights complaint concerning his medical care at USP Hazelton. Based on the materials supplied by the petitioner, it appears that he is a diabetic and has been taking injectable insulin since 1999. Apparently, in or

3

about September of 2012, he was taken off a regular routine off insulin and placed on an insulin regiment whereby he only received insulin if his glucose levels exceeded 200mg/dl.[1] On December 12, 2012, the plaintiff filed a BP-8, or Informal Resolution Form in which he complained that medical orders regarding his insulin had caused "irreparable injury to his eyes, kidneys, liver, heart and brain and almost caused his death.' (Doc. 5-1, pp. 3-4). On January 4, 2013, Mr. Murdock, the Health Services Administrator, responded to the BP-8[2]. On January 28, 2013, the plaintiff filed a BP-9 with Warden O'Brien, which was assigned Administrative Remedy Number 721880-F1. On February 28, 2013, Warden O'Brien responded by indicating that the petitioner's medical records demonstrated that he had been non-compliant with medications and had a history of not having his blood sugar checked. The petitioner was advised that if he was dissatisfied with the response, he could appeal to the Mid-Atlantic Regional Director within twenty days.(Doc. 5-1, p. 21). On March 5, 2013, the petitioner sent an Inmate Request to Staff, directed to Warden O'Brien, indicating that he had received the Response to his BP-9. However, he noted that he needed the Informal Resolution (BP-8) and Response by Mr. Murdock and the last page of his BP-9, in order to file his appeal to the Mid Atlantic Regional Office. (Doc. 5-1, p. 27). On March 7, 2013, the petitioner sent a letter to Regional Counsel for the Mid-Atlantic Region, requesting an extension of time within which to Appeal the Warden's Response to his BP-9, citing the fact that the Warden refused to return the continuation page of his BP-9 as well as his BP-8 and the Response by Mr. Murdock. (Doc. 5-1,

---

[1] Blood work collected on February 27, 2012, established that his Glucose was 129 and his A1C was 5.0. (Doc. 5-1, p. 7). However, blood drawn on December 10, 2012, established that his Glucose was 781, while an acceptable reference range is 70-109, and his A1C was 13.9, while an acceptable reference range is 4.0-6.0. (Doc. 5-1, pp. 12-13.

[2] The response is actually dated 01/04/12, but it is clear that Mr. Murdock simply signed the wrong year,

4

pp. 39-40). On March 10, 2013, the petitioner prepared his Action to Compel, which was filed on March 12, 2013. (Doc. 1).

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, 126 S.Ct. at 2387 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 2393.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within

---

[3] Porter v. Nussle, 534 U.S. 516, 524 (2002).

20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[4] An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Given the petitioner's allegations that Warden O'Brien was interfering with his ability to file his BP-10, and the serious nature of the petitioner's underlying medical claim, the undersigned's initial reaction was that the petitioner might be entitled to the issuance of an Order directing the Warden to provide the material's the petitioner alleged were not provided to him. However, as previously noted, the remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances. Here, even if the petitioner's allegations are correct that Warden O'Brien failed to return the continuation page of his BP-9, as well as his BP-8 and the response thereto, it is clear that their return was not necessary to the petitioner's effort's to file his BP-10. As noted by the petitioner in his letter to Regional Counsel: "[b]ut the genius (Warden O'Brien) doesn't know I have copies

---

[4]"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

of all that in the Super Secret Stash Spot and intend to get them to your office as soon as this lockdown is over."[5] (Doc. 5-1, p. 43). In short, by his own admission, Petitioner has possession of the very documents he claims were withheld by the warden. Accordingly, the petitioner had every opportunity to properly exhaust his administrative remedies, and his Writ of Mandamus served only to burden the Court with an unnecessary pleading.[6]

Moreover, the petitioner's pending Motion for Default, filed on December 12, 2013, is without merit. Rule 4(i) of the Federal Rules of Civil Procedure require that when a United States officer or employee is sued, the United States must also be served. However, no answer is required by the United States. Thus, the petitioner's motion for default has no factual basis. Even if it did, the petitioner failed to comply with the requirements of Rule 55 of the Federal Rules of Civil Procedure and default judgment is therefore, inappropriate.[7]

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment (dckt. 25) be **GRANTED** and the petition be **DENIED** and **DISMISSED with prejudice**. In addition, it is recommended that the petitioner's Motion for Default (Doc. 37) be **DENIED**.

Within fourteen (14) days after being served with a copy of this opinion, any party may file

---

[5] In addition, the undersigned noes that contained in the 44 pages of attachments are a copy of both his BP-8 and Mr. Murdock's response.

[6] Had the undersigned the time to read every word of the petitioner's pleadings and attachments when they were initially filed, he would not have ordered an answer, but instead, would have recommended that the matter be dismissed on initial review.

[7] Rule 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." As discussed, the petitioner has no right to a Writ of Mandamus.

with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 24, 2013

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE