IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE WILLIE BUFORD,

    Petitioner,

v.                                    Civil Action No. 5:13CV36
                                         (STAMP)
TERRY O'BRIEN,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On March 12, 2013, the petitioner, George Willie Buford, filed a pro se[1] action to compel an officer of the United States to perform his duty, which was opened as a petition for writ of mandamus. In his petition, the petitioner asserts that his ability to exhaust his available administrative remedies in order to file a civil rights complaint concerning his medical care at USP Hazelton is being intentionally hampered by the respondent's refusal to turn over documents necessary to appeal his decision to the Mid-Atlantic Region. Specifically, he asserts that when the respondent replied to his BP-9, the continuation page was missing, as was the entire BP-8 and its response. The petitioner requests that this Court issue an order compelling the respondent to cease

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

and desist withholding the documents necessary for him to exhaust his administrative remedies in compliance with the Prisoner Litigation Reform Act. ("PLRA").

This Court referred to the motion to United States Magistrate Judge John S. Kaull pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge ordered the respondent to answer and thereafter, the respondent filed a motion to dismiss or for summary judgment. The respondent argues that the petitioner failed to exhaust his administrative remedies with respect to his complaint that he is being thwarted in his attempts to exhaust his administrative grievance regarding his medical care. Further, the respondent argues that the petitioner is not entitled to mandamus relief because he cannot satisfy any of the requirements for obtaining a writ of mandamus. The petitioner responded in opposition to the respondent's motion, arguing that his petition should not be dismissed for his failure to exhaust this complaint, and further reiterates his claim that the respondent failed to return certain documents necessary to his ability to exhaust his remedies to the underlying claim. The petitioner then filed a motion for order of default against the United States.

Thereafter, Magistrate Judge Kaull issued a report and recommendation, recommending that the respondent's motion to dismiss or for summary judgment be granted and that the petition be denied with prejudice. The magistrate judge also found that the

2

petitioner's motion for order of default should also be denied. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within fourteen days after being served with a copy of his recommendation. The petitioner then filed objections to the report and recommendation. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety and that the petition for a writ of mandamus should be denied.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the petitioner has filed timely objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A writ of mandamus may only be issued "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1651. The remedy of mandamus is a drastic remedy that is reserved for extraordinary

situations. <u>United States ex rel. Rahman v. Oncology Assocs., P.C.</u>, 198 F.3d 502, 511 (4th Cir. 1999). The party seeking the issuance of a writ of mandamus must demonstrate that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

<u>Id.</u>

In this instance, the petitioner requests that this Court issue a writ of mandamus ordering the respondent to return certain forms he needs to exhaust his administrative remedies under the PLRA for a claim concerning his medical care. The PLRA requires that a prisoner filing with respect to prison conditions under any federal law, must exhaust all available administrative remedies prior to filing a civil action in federal court. 42 U.S.C. § 1997(e)(a). This administrative remedy exhaustion requirement applies to all civil suits filed by prisoners about any aspect of prison life, regardless of the remedies sought. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The inmate administrative grievance process provided for by the Bureau of Prisons is fully and adequately outlined by the magistrate judge in his report and recommendation and will not be revisited here. ECF No. 39 *5-6.

As the magistrate judge indicated, the petitioner has by his own admission retained copies of those forms that he is now seeking

4

from the respondent.  In his letter to Regional Counsel asking for an extension of time to file his appeal to the Mid-Atlantic Region, the petitioner specifically states that "the genius doesn't know I have copies of all that in the Super Secret Stash Spot and intend to get them to your office as soon as this lock-down is over." ECF No. 5 *43.  This statement is referring to the respondent and the documents that the petitioner is now requesting be produced through the issuance of a writ of mandamus.  As the petitioner asserts that he has copies of these documents, this Court finds that the drastic remedy of mandamus is not appropriate in this instance.  He obviously, by way of his own statements, has adequate means to attain the relief he desires.

The petitioner objects to such a finding, because he states that it fails to take into account all the factors necessary to a proper understanding of the matter.  The petitioner asserts that USP Hazelton was on lock-down during the time he was attempting to exhaust his administrative remedies, which prevented the timely exhaustion of his remedies.  He then takes issue with the fact that while on lock-down, the Mid-Atlantic Region refused to grant him an extension to file his appeal.  While all of these assertions may or may not be true, they do not aid in the petitioner's argument that this Court should issue a writ of mandamus ordering the respondent to provide the petitioner with the documents he requests.  As this Court stated above, the petitioner by his own admission has copies

of such documents. Thus, after a de novo review, this Court finds that the drastic remedy of mandamus is not appropriate in this matter.

The petitioner also filed a motion for order of default. The petitioner argues that the United States Attorney General was served with a copy of the petition but failed to answer. Thus, the petitioner argues that he is entitled to default judgment. First, this Court notes that the petitioner did not sue United States, and therefore, it need not file a responsive pleading. Second, Rule 55 of the Federal Rules of Civil procedure states that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." As this Court found above, the petitioner does not have a right to relief based on the available evidence. Accordingly, after a de novo review, the petitioner's motion for order of default is without merit and must be denied.

## IV. Conclusion

For the reasons stated above, this Court OVERRULES the defendant's objections (ECF No. 40) and AFFIRMS and ADOPTS in its entirety the magistrate judge's report and recommendation (ECF No. 38). Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 25) is hereby GRANTED. Further, the petitioner's motion for order of default (ECF No. 37) is DENIED.

It is ORDERED that the defendant's motion for a writ of mandamus be DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    January 7, 2014


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE